# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM ANDRE YOUNG, | CV F 02 5003 REC SMS P |
| Plaintiff, | |
| v. | ORDER SETTING DEADLINE FOR SUBMISSIONS OF MOTIONS IN LIMINE |
| ROBERT A. DANIELSON, | |
| Defendants. / | |

Malcolm Andre Young ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. BACKGROUND**

On February 16, 2005, this Court issued a Second Scheduling Order setting a Telephonic Trial Confirmation Hearing for August 16, 2005, at 10:00 a.m. before the undersigned and trial for September 27, 2005, at 9:00 a.m. before District Court Judge Coyle. Plaintiff filed a timely pretrial statement on April 20, 2005. Defendant's deadline for filing a pretrial statement was June 3, 2005. However, on May 26, 2005, Defendants moved for an extension of time to submit

the pretrial statement. Defendant's request was granted on June 22, 2005, and on July 7, 2005, the pretrial statement was filed.[1]

**B. MOTIONS IN LIMINE**

Any party may file a Motion in Limine. The purpose of a Motion in Limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of Motions in Limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. <u>Luce v. United States</u>, 469 U.S. 38, 41 n. 4 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a Motion in Limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. <u>Id</u>.; <u>Hawthorne Partners v. AT & T Technologies, Inc.</u>, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

Motions in Limine filed by both parties must be served on the opposing party and filed with the Court, **on or before AUGUST 10, 2005**. Any Motion in Limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Should the Court deem it necessary, a hearing date for Motions in Limine will be set during the Telephonic Trial Confirmation Hearing. Otherwise, the trial Court will hear and decide such motions on the morning of trial.

Whether or not a party files a Motion in Limine, that party may still object to the introduction of evidence during the trial.

---

[1] Defendants indicate in their pretrial statement that this action is barred by the statute of limitations and that there are no triable issues of law. The dispositive motion deadline in this case, however, expired on February 7, 2005, and no dispositive motion or request for extension of time was filed by Defendants. Thus, the case was set for trial scheduled to occur on September 27, 2005. Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "shall control the subsequent course of the action unless modified by a subsequent order" and shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b), (e). To the extent that Defendants seek to have the action dismissed on any of the grounds specified above, leave of court must be sought under Rule 16. In addition, any such Motion must be accompanied by the proposed dispositive motion. Defendants are forewarned that raising dispositive issues at trial is ***expressly forbidden***.

1  Accordingly, the Court HEREBY ORDERS:

2  1.   ALL motions in limine SHALL be filed no later than **AUGUST 10, 2005**.

3  As the Telephonic Trial Confirmation is scheduled to occur on August 16, 2005, at 10:00 a.m. before the undersigned, the Court cannot entertain extensions of time for the submission of Motions in Limine.

IT IS SO ORDERED.

**Dated:   July 8, 2005**            /s/ Sandra M. Snyder
icido3                               UNITED STATES MAGISTRATE JUDGE