UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALCOLM ANDRE YOUNG,<br><br>                Plaintiff,<br><br>        v.<br><br>ROBERT A. DANIELSON,<br><br>                Defendants.<br>_____/ | CV F 02 5003 REC SMS P<br><br>ORDER REQUIRING DEFENDANTS TO PROVIDE FURTHER BRIEFING ON REQUEST FOR LEAVE TO FILE DISPOSITIVE MOTION<br><br>(Doc. 64.) |

   Malcolm Andre Young ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   On February 16, 2005, this Court issued a Second Scheduling Order setting a Telephonic Trial Confirmation Hearing for August 16, 2005, at 10:00 a.m. before the undersigned and trial for September 27, 2005, at 9:00 a.m. before District Court Judge Coyle. Plaintiff filed a timely pretrial statement on April 20, 2005. Defendant's deadline for filing a pretrial statement was June 3, 2005. On May 26, 2005, Defendants moved for an extension of time to submit the pretrial statement citing a recently received injury by Defense Counsel. The request was

1

1  granted and on July 7, 2005, the pretrial statement was filed.

2      On July 11, 2005, the Court issued an Order setting a deadline for the filing of Motions in Limine. The Court noted that Defendant's Pretrial Statement indicated that Defendants would seek leave to file a Motion for Summary Judgment as there are no triable issues of fact and the case is barred by the Statute of Limitations. The Court informed Defendant that the dispositive motion deadline has expired and that in order to raise such issues at this stage in the proceedings, Defendants must seek relief from the dispositive motion deadline under Rule 16 of the Federal Rules of Civil Procedure. However, also on July 11, 2005, and just prior to the Court's issuance of its order noting Defendant's intentions, Defendant filed a "Request for Leave to file Dispositive Motions." The Motion consisted of Defense Counsel's Declaration which asserted only that there were no triable issues of fact and that this was discovered only upon examination of Plaintiff's Pretrial Statement. Defense Counsel adds that he sustained injuries from a "non-auto" accident and has been unable to work full time since May 3, 2005.

    The Court has examined Defendant's Request for Leave to File a Dispositive Motion and finds that Defendants present insufficient information to resolve the request. As noted above, the appropriate standard of review for such a request is Rule 16 of the Federal Rules of Civil Procedure which requires a showing of good cause.[1] Here, however, Defendant's provide inconsistent and vague information as to why relief from the scheduling order should be granted. For example, in the Pretrial Statement, Defendants state that the facts presented in Plaintiff's Pretrial statement establish that the case is barred by the Statute of Limitations and that the evidence in the case further establishes that there are no triable issues of fact. (Defendant's Pretrial Statement at 7.) In the Request for Leave to File a Dispositive Motion, Defendants state that in reviewing Plaintiff's Pretrial Statement Counsel discovered that "some or all" of the Defendants "may be" entitled to judgment as a matter of law. Thus, it is unclear to the Court whether the Request is based on the evidence in the record or the Pretrial Statement, whether the

---

[1] Rule 16(b) provides that a scheduling order "shall control the subsequent course of the action unless modified by a subsequent order" and shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b), (e).

1 case is barred by the Statute of Limitations or there is no triable issue of fact, and which
2 Defendants might be entitled to Summary Judgment.  Defendants further present no justification
3 as to why the dispositive motion deadline expired without the submission of a Motion for
4 Summary Judgment or dismissal for statute of limitations.
5        Accordingly, based on the above, Defendants SHALL provide further briefing to provide
6 more detail as to the basis of the Motion.  Defendant's briefing is due on or before July 28, 2005.
7 Due to the encroaching deadline for the filing of Motions in Limine and the Telephonic Trial
8 Confirmation Hearing, no requests for extensions of time will be entertained by the Court.

10 IT IS SO ORDERED.
11 **Dated:   July 14, 2005**               **/s/ Sandra M. Snyder**
icido3                              UNITED STATES MAGISTRATE JUDGE

3