1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

11
### EASTERN DISTRICT OF CALIFORNIA

12

13
|                                       | CV F   02 5003 REC SMS P |

14
MALCOLM ANDRE YOUNG,                   ORDER CONSTRUING "PLAINTIFF'S
                                       MOTION IN OBJECTION . . ." as "Opposition

15
                                       to MOTION FOR LEAVE TO FILE
                   Plaintiff,          DISPOSITIVE MOTION (Doc. 67.)

16

17
          v.                           ORDER GRANTING MOTION FOR RELIEF
                                       FROM SCHEDULING ORDER UNDER RULE
                                       16 AND LEAVE TO FILE DISPOSITIVE

18
                                       MOTION (Docs. 64, 69.)
DANIELSON, et. al.,

19
                                       ORDER VACATING SECOND SCHEDULING
                   Defendants.         ORDER ISSUED FEBRUARY 16, 2005. (Doc.

20
_____/   54.)

21

22
     Malcolm Andre Young ("Plaintiff") is a state prisoner proceeding pro se and in forma

23
pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. BACKGROUND**

24

25
     On February 16, 2005, this Court issued a Second Scheduling Order setting a Telephonic

Trial Confirmation Hearing for August 16, 2005, at 10:00 a.m. before the undersigned and trial

26

27
for September 27, 2005, at 9:00 a.m. before District Court Judge Coyle.  Plaintiff filed a timely

pretrial statement on April 20, 2005.  Defendant's deadline for filing a pretrial statement was

28

1

1    June 3, 2005.  On May 26, 2005, Defendants moved for an extension of time to submit

2    the pretrial statement citing a recently received injury by Defense Counsel.  The request was

3    granted and on July 7, 2005, the pretrial statement was filed.

4          On July 11, 2005, the Court issued an Order setting a deadline for the filing of Motions in

5    Limine.  The Court noted that Defendant's Pretrial Statement indicated that Defendants would

6    seek leave to file a Motion for Summary Judgment as there are no triable issues of fact and the

7    case is barred by the Statute of Limitations.   The Court informed Defendant that the dispositive

8    motion deadline has expired and that in order to raise such issues at this stage in the proceedings,

9    Defendants must seek relief from the dispositive motion deadline under Rule 16 of the Federal

10   Rules of Civil Procedure.  However, also on July 11, 2005, and just prior to the Court's issuance

11   of its order noting Defendant's intentions, Defendant filed a "Request for Leave to file

12   Dispositive Motions."   The Motion consisted of Defense Counsel's Declaration which asserted

13   only that there were no triable issues of fact and that this was discovered only upon examination

14   of Plaintiff's Pretrial Statement.  Defense Counsel adds that he sustained injuries from a "non-

15   auto" accident and has been unable to work full time since May 3, 2005.

16         On July 15, 2005, the Court issued an Order requiring Defendants to provide further

17   briefing on the Request for Leave to file a Dispositive Motion.  The Court noted that the

18   information provided was insufficient to find "good cause" under Rule 16.  In addition, the

19   Request made inconsistent statements with those made in Defendant's Pretrial Statement.

20         On July 27, 2005, Plaintiff filed a pleading titled "Motion in Objection to Defendant's

21   Request for Leave to File a Dispositive Motion"[1] and Declaration in Support of the Motion.

22   (Docs. 67, 68.)   Plaintiff indicates in his pleadings that Defendants failed to serve him with the

23   Request for Leave to file a Dispositive Motion.

24         Defendants filed a second Notice of Motion and Motion to Modify the Scheduling Order

25   under Rule 16 on July 27, 2005, in response to the Court's Order and properly served Plaintiff

26

27         [1]Although inappropriately captioned as a "Motion," this pleading forms the basis of Plaintiff's Opposition

28   to the Motion seeking modification of the scheduling order.  Thus, the Court will construe it as Plaintiff's Opposition
to the Motion to Modify the Second Scheduling Order.

1    with this Motion.  On August 2, 2005, Defendants submitted a proposed Order granting the

2    Request to Modify the Scheduling Order.

3    **C.  ANALYSIS**

4         Pursuant to Federal Rule of Civil Procedure 16(b)(2) and (3), district courts must enter

5    scheduling orders to establish deadlines for, among other things, "to file motions" and "to

6    complete discovery."  Fed.R.Civ.P. 16(b)(2), (3).  Scheduling orders may also include "the date

7    or dates for conferences before trial, a final pretrial conference, and trial."  Fed.R.Civ.P. 16(b)(4).

8    "A schedule shall not be modified except upon a showing of good cause and by leave of the

9    district judge or, when authorized by local rule, by a magistrate judge."  Fed.R.Civ.P. 16(b).  The

10   scheduling order "shall control the subsequent course of the action unless modified by a

11   subsequent order."  Fed.R.Civ.P. 16(e).

12        Scheduling orders "are the heart of case management," <u>Koplve v. Ford Motor Co.</u>, 795

13   F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems.  <u>Johnson v.</u>

14   <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992).   A "scheduling conference order

15   is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."

16   <u>Johnson</u>, 975 F.2d at 610.  In <u>Johnson</u>, 975 F.2d at 609, the Ninth Circuit Court of Appeals

17   explained:

18            . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the
              party seeking the amendment.  The district court may modify the pretrial schedule
19            "if it cannot reasonably be met despite the diligence of the party seeking the
              extension."  Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .
20            Moreover, carelessness is not compatible with a finding of diligence and offers no
              reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving
21            party's reasons for seeking modification. . . . If that party was not diligent, the
              inquiry should end.

22
      Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).
23
          Parties must "diligently attempt to adhere to that schedule throughout the subsequent
24
      course of the litigation."  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); <u>see</u>
25
      <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In addressing the diligence
26
      requirement, the Court in <u>Jackson</u>, noted:
27
              to demonstrate diligence under Rule 16's "good cause" standard, the movant may
28            be required to show the following: (1) that she was diligent in assisting the Court

                                                   3

1

2   in creating a workable Rule 16 order, see In re San Juan Dupont, 111 F.3d at 228;
    (2) that her noncompliance with a Rule 16 deadline occurred or will occur,
3   notwithstanding her diligent efforts to comply, because of the development of
    matters which could not have been reasonably foreseen or anticipated at the time
4   of the Rule 16 scheduling conference, see Johnson, 975 F.2d at 609; and (3) that
    she was diligent in seeking amendment of the Rule 16 order, once it became
    apparent that she could not comply with the order, see Eckert Cold Storage, 943
5   F.Supp. at 1233.

6   Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

7       Finally, a trial court possesses "inherent power" to control its docket and calendar.

8   Landis v. North American Co., 299 U.S. 248, 254-255, 57 S.Ct. 163, 165-166 (1936);

9   Mediterranean Enterprises, Inc. v. Ssangyong Constr. Co., Ltd., 708 F.2d 1458, 1465 (9th Cir.

10  1983).  A district court's decision to deny or grant a continuance will be disturbed only upon the

11  "clearest showing" of "actual and substantial prejudice to the complaining litigant." Martel v.

12  County of Los Angeles, 56 F.3d 993, 995 (9th Cir. 1995) (*citing* Sablan v. Department of Fin.,

13  856 F.2d 1317, 1321 (9th Cir. 1988).

14      In this case, Defendants move for relief from the Court's scheduling order on the grounds

15  that Plaintiff's Second Amended Pretrial Statement, filed on May 5,2005, reveals that Plaintiff

16  intends to produce no expert witnesses and therefore, cannot establish the necessary elements of

17  his claims for relief.   This action is proceeding on Plaintiff's Second Amended Complaint

18  alleging that the Defendants were deliberately indifferent to Plaintiff's serious medical needs in

19  violation of the Eighth Amendment.   The allegations concern a series of events that have taken

20  place over the prior ten years at several different prisons but essentially allege that Plaintiff was

21  denied adequate medical treatment by several different medical doctors at California Correctional

22  Institution in Tehachapi, California.  Defendants also note that Plaintiff's pretrial statement of

23  facts would entitle some or all of the Defendants to judgment as a matter of law.

24      In Opposition, Plaintiff complains that the Motion for Relief was not served on him.

25  However, the filing of the subsequent Motion on July 27, 2005, *was* served on Plaintiff and thus,

26  corrected any error on Defendant's part regarding service.  Plaintiff also states that Defendants

27  statements regarding his injuries are inconsistent and occurred well after the dispositive motion

28  deadline.  Thus, it cannot serve as justification for modification of the Scheduling Order.

1 Plaintiff points out that Defendant's Request for an Extension of time to file a Pretrial Statement

2 stated that Counsel received injuries from an "automobile accident," whereas the Motion to

3 Modify states that the injuries stemmed from a "non-auto" accident. (Opposition at 2.) The

4 Court has reviewed the Request for an Extension of time to file a Pretrial Statement and finds

5 that Plaintiff's assessment of what Counsel said incorrect. The Request for an Extension states

6 that Counsel was involved in an "accident." (Doc. 60.) Plaintiff presumes by this, Counsel

7 means auto accident. However, there is nothing in the Request to indicate that the accident was

8 an auto accident. In any event, Counsel's accident is irrelevant to the Request for Modification

9 of the Scheduling Order as Counsel does not base his request to modify on the accident or his

10 absence from work. Both requests clearly indicate that Counsel discovered Defendant's

11 entitlement to Judgment as a matter of law only after reviewing Plaintiff's pretrial statement.

12 (Docs 64, 69.) As review of the pretrial statement could only occur *after* the expiration of the

13 dispositive motion deadline, Defendant's Request for Modification is properly made.

14     Having reviewed the Request for Modification, accompanying declaration and Opposition

15 and Declaration of Plaintiff, the Court finds Defendants present good cause for relief from the

16 Court's Second Scheduling Order under Rule 16. Defendants provide evidence that they

17 discovered facts that might entitled Defendants to Judgment as a matter of law only after Plaintiff

18 submitted his pretrial statement and after the expiration of the dispositive motion deadline. Other

19 than his allegations of inconsistent statements regarding Counsel's "accident," Plaintiff presents

20 no justification why relief from the Order should not be granted. As noted above, a trial court

21 possesses "inherent power" to control its docket and calendar. Landis v. North American Co.,

22 299 U.S. 248, 254-255, 57 S.Ct. 163, 165-166 (1936); Mediterranean Enterprises, Inc. v.

23 Ssangyong Constr. Co., Ltd., 708 F.2d 1458-1465 (9th Cir. 1983). Here, in addition to the good

24 cause shown, the Court finds the interests of judicial economy require granting Defendants relief

25 from the Second Scheduling Order. Allowing Defendants to file a dispositive motion at this time

26 would, at the very least, streamline the triable issues and number of Defendants in the case and at

27 most, preserve judicial resources and resolve the case prior to the any impanelment of jurors.

28 **C. ORDER**

5

1      Accordingly, in light of all of the above, the Court HEREBY ORDERS:

2      1.      Plaintiff's "Motion in Objection . ." is CONSTRUED as an Opposition to the

3              Motion to Modify Scheduling Order.

4      2.      The Motion to Modify the Scheduling Order under Rule 16 is GRANTED.

5              Defendant's dispositive motion is due within **THIRTY (30) DAYS** of the date of

6              service of this Order.

7      3.      The Court's Second Scheduling Order issued February 16, 2005, setting the

8              matter for a Trial Confirmation hearing on August 16, 2005, at 10:00 a.m. before

9              the undersigned, and Jury Trial on September 27, 2005, at 9:00 a.m. before the

10             Honorable Robert E. Coyle, is VACATED.

11     Defendants are forewarned that the failure to file a dispositive motion within the time

12 frame allotted will cause the Court to issue a Third Scheduling Order setting the matter for trial.

13

14 IT IS SO ORDERED.

15 **Dated:     August 3, 2005**                          **/s/ Sandra M. Snyder**
   icido3                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28